Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DIAZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN DYNASTY MINERALS LTD., RONALD W. THIESSEN, and MARCHAND SNYMAN,<br><br>Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Victor Diaz, ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire

and press releases published by and regarding Northern Dynasty Minerals Ltd. ("Northern Dynasty" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the publicly traded securities of Northern Dynasty between September 16, 2013 and February 13, 2017, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4. Venue is proper in this judicial district pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as the misleading statements entered this judicial district.

5. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

Class Action Complaint for Violation of the Federal Securities Laws

## PARTIES

6. Plaintiff, as set forth in the accompanying Certification, purchased Northern Dynasty securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosure.

7. Defendant Northern Dynasty engages in the exploration and development of mineral properties in the United States. Its principal property is the Pebble copper-gold-molybdenum mineral project located in southwest Alaska (the "Pebble Project"). The Company is incorporated in British Columbia, Canada and its principal executive offices are located at 15th Floor, 1040 West Georgia Street Vancouver, British Columbia, Canada, V6E 4H1 A. Northern Dynasty securities are traded on NYSE MKT Exchange ("NYSE MKT") under the ticker symbol "NAK."

8. Defendant Ronald W. Thiessen ("Thiessen") has been the Chief Executive Officer ("CEO") of the Company throughout the Class Period.

9. Defendant Marchand Snyman ("Snyman") has been the Chief Financial Officer ("CFO") of the Company throughout the Class Period.

10. Defendants Thiessen and Snyman are sometimes referred to herein as the "Individual Defendants."

11. Each of the Individual Defendants:

(a) directly participated in the management of the Company;

(b) was directly involved in the day-to-day operations of the Company at the highest levels;

(c) was privy to confidential proprietary information concerning the Company and its business and operations;

(d) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e) was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

Class Action Complaint for Violation of the Federal Securities Laws

(f)     was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g)     approved or ratified these statements in violation of the federal securities laws.

12.     The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

14.     The Company and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements

15.     On September 16, 2013, the Company issued a press releasing disclosing that the US subsidiary of Anglo American plc is withdrawing from the Pebble Project, stating in relevant part:

**Anglo American Withdraws from Pebble Project**

Sep 16, 2013, 05:00 ET from Northern Dynasty Minerals Ltd.

VANCOUVER, Sept. 16, 2013 /PRNewswire/ - Northern Dynasty Minerals Ltd. (TSX: NDM; NYSE MKT: NAK) ("Northern Dynasty" or the "Company") reports that Anglo American (US) Pebble LLC ("AA Pebble"), a wholly owned US subsidiary of Anglo American plc ("Anglo American"), has given notice under the Pebble limited partnership agreement that it is withdrawing from the Pebble copper project in Alaska.

Mark Cutifani, Chief Executive of Anglo American, said: "Despite our belief that Pebble is a deposit of rare magnitude and quality, we have taken

the decision to withdraw following a thorough assessment of Anglo American's extensive pipeline of long-dated project options. Our focus has been to prioritise capital to projects with the highest value and lowest risks within our portfolio, and reduce the capital required to sustain such projects during the pre-approval phases of development as part of a more effective, value-driven capital allocation model."

As of June 30, 2013, AA Pebble has funded US$541 million of expenditure on the Pebble Project. Following the AA Pebble withdrawal, PLP will proceed under the sole ownership of Northern Dynasty.

In light of the parties' shared desire to ensure an orderly exit, the detailed aspects of AA Pebble's withdrawal from the Pebble project are being developed and implemented.

Northern Dynasty CEO Ron Thiessen commented "Northern Dynasty will again own 100% of one of the world's most important copper & gold resources and will have the benefit of $541 million worth of expenditures, which opens the door to a number of exciting possibilities for Northern Dynasty and its shareholders and the Pebble Project and its stakeholders. Northern Dynasty and the Pebble Partnership have both the expertise and resources necessary to advance the Pebble Project."

16. On December 13, 2013, the Company issued a press release disclosing the complete acquisition of the Pebble Project, stating in relevant part:

**Northern Dynasty re-acquires 100% ownership of southwest Alaska's Pebble Project**

Dec 13, 2013, 06:45 ET from Northern Dynasty Minerals Ltd.

Anglo American completes withdrawal from the Pebble Limited Partnership

VANCOUVER, Dec. 13, 2013 /PRNewswire/ - Northern Dynasty Minerals Ltd. (TSX: NDM; NYSE MKT: NAK) ("Northern Dynasty" or the "Company") announces that it has exercised its right to acquire Anglo American (US) Pebble LLC's ("Anglo American") interest in the Pebble Limited Partnership ("Pebble Partnership" or "PLP"). Northern Dynasty

has now re-acquired 100% ownership and control of the Pebble Partnership. All Anglo American representatives have resigned from the Pebble Mines Corporation Board of Directors.

"During the course of the last six years and at a cost of US$556 million (as of September 30, 2013), substantial progress has been made toward our goal of permitting, constructing and operating a world-class, modern and environmentally responsible mine at Pebble that will co-exist with the fisheries resources of southwest Alaska," said Northern Dynasty President & CEO Ronald Thiessen.

Thiessen said Pebble's engineering design, environmental science and regulatory planning are now sufficiently advanced that PLP will be in a position to trigger federal and state permitting under the National Environmental Policy Act (NEPA) in the first quarter of 2014. He added that Northern Dynasty's current focus is to consolidate all of the technical data, engineering work and permitting documentation related to Pebble into a data room, with the goal of qualifying and securing a new partner in 2014. A final decision on permit filing will be made in 2014, by the Northern Dynasty Board.

"Our primary focus is to select the right partner for Northern Dynasty and the right investor for Alaska, a company with sufficient financial resources and technical capabilities, working experience in the United States and a shared commitment to environmentally sound and socially responsible development. We have little doubt that Pebble will attract major mining company interest in the months ahead."

Northern Dynasty has launched a new website to present current information related to Pebble Project developments at www.northerndynastyminerals.com.

17. On May 15, 2015, the Company filed a Form 20-F for the fiscal year ended December 31, 2014 (the "2014 20-F") with the SEC, which provided the Company's 2014 financial results and position and stated that the Company's disclosure controls and procedures and internal control over financial reporting were effective were effective as of December 31, 2014. The 2014 20-F was signed by Defendant Snyman.

Class Action Complaint for Violation of the Federal Securities Laws

The 2014 20-F contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Thiessen and Snyman attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

18. The 2014 20-F stated the following concerning the Pebble Project:

**B. THE PEBBLE PROJECT**

The Company's business is the exploration and advancement towards feasibility, permitting and ultimately development of a copper-gold-molybdenum mineral resource in Alaska, USA known as the "Pebble Project".

19. On May 2, 2016, the Company filed a Form 20-F for the fiscal year ended December 31, 2015 (the "2015 20-F") with the SEC, which provided the Company's 2015 financial results and position and stated that the Company's disclosure controls and procedures and internal control over financial reporting were effective were effective as of December 31, 2015. The 2015 20-F was signed by Defendant Snyman. The 2015 20-F contained signed SOX certifications by Defendants Thiessen and Snyman attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

20. The 2015 20-F stated the following concerning the Pebble Project:

**B. THE PEBBLE PROJECT**

The Company's business is the exploration and advancement towards feasibility, permitting and ultimately development of a copper-gold-molybdenum-silver mineral resource in Alaska, USA known as the "Pebble Project".

21. The statements referenced in ¶¶ 15-20 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse

Class Action Complaint for Violation of the Federal Securities Laws

facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company's Pebble Project is commercially unviable; (2) the Company's Pebble Project had a negative present value; and (3) as a result, Defendants' statements about the Company's business, operations and prospects were materially false and misleading and/or lacked a reasonable bases at all relevant times.

## The Truth Emerges

22.     On February 14, 2017, Kerrisdale Capital Management published a report on the Company asserting that the Company's Pebble Project is commercial unviable, stating in relevant parts:

**Summary**

- Northern Dynasty's key asset, the low-grade Pebble deposit, is not commercially viable: mining it would require so much upfront investment that it would actually destroy value.

- Kerrisdale believes Northern Dynasty's former partners concluded that the Pebble project had a negative present value – an assessment that Northern Dynasty has spent years trying to conceal from public.

- Frenzied investor enthusiasm over the benefits that Trump presidency will bring to the Pebble project overlooks the ineradicable threat of veto from either the Alaskan government or future Democratic White House.

Based on our discussions with multiple people directly involved in planning the Pebble project, we believe the answer is simple*: the upfront capital costs necessary to build and operate the mine are so onerous that the mine isn't commercially viable. Indeed, Anglo American - Northern Dynasty's former partner on the Pebble project, before it exited in 2013 - concluded that, under a range of scenarios and despite years of attempted optimization, building the mine would destroy billions of*

*dollars of value.* (Moreover, Anglo drew this conclusion based on assumed selling prices for key metals that are significantly higher than such prices today.) According to our sources, ***Northern Dynasty knew about the negative results of Anglo's analysis, but cut it short to avoid having to disclose it to the public*** - pursuing what one engineer described to us as "a hidden agenda of telling a good story." ***In the past decade, Northern Dynasty has hired at least two major engineering firms to prepare preliminary feasibility studies of Pebble, laying out its economics in detail, yet it has failed to publish their findings - because they were damning.***

(Emphasis added).

23. On this news, shares of Northern Dynasty fell $0.68 per share or over 21% from its previous closing price to close at $2.50 per share on February 14, 2017, damaging investors.

24. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Northern Dynasty securities publicly traded on the NYSE MKT during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosure. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

26. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Northern Dynasty securities were actively traded on the NYSE MKT. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery,

Class Action Complaint for Violation of the Federal Securities Laws

Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by the Company or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

27. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

28. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

29. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    a. whether the federal securities laws were violated by Defendants' acts as alleged herein;

    b. whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of the Company;

    c. whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

    d. whether the Individual Defendants caused the Company to issue false and misleading SEC filings and public statements during the Class Period;

    e. whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;

  f. whether the prices of Northern Dynasty securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

  g. whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

30. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

31. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

  a. Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

  b. the omissions and misrepresentations were material;

  c. Northern Dynasty securities are traded in efficient markets;

  d. the Company's securities were liquid and traded with moderate to heavy volume during the Class Period;

  e. the Company traded on the NYSE MKT, and was covered by multiple analysts;

  f. the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

  g. Plaintiff and members of the Class purchased and/or sold Northern Dynasty securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

32. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

33. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5 Against All Defendants

34. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

35. This Count is asserted against the Company and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

36. During the Class Period, the Company and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

37. The Company and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they: employed devices, schemes and artifices to defraud; made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Northern Dynasty securities during the Class Period.

Class Action Complaint for Violation of the Federal Securities Laws

38. The Company and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over, and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

39. Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other personnel of the Company to members of the investing public, including Plaintiff and the Class.

40. As a result of the foregoing, the market price of Northern Dynasty securities was artificially inflated during the Class Period. In ignorance of the falsity of the Company's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Northern Dynasty securities during the Class Period in purchasing Northern Dynasty securities at prices that were artificially inflated as a result of the Company's and the Individual Defendants' false and misleading statements.

41. Had Plaintiff and the other members of the Class been aware that the market price of Northern Dynasty securities had been artificially and falsely inflated by the Company's and the Individual Defendants' misleading statements and by the

material adverse information which the Company's and the Individual Defendants did not disclose, they would not have purchased Northern Dynasty securities at the artificially inflated prices that they did, or at all.

42. As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

43. By reason of the foregoing, the Company and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the Plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchases of Northern Dynasty securities during the Class Period.

## COUNT II

### Violation of Section 20(a) of The Exchange Act
### Against The Individual Defendants

44. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

45. During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, they knew the adverse non-public information regarding the Company's business practices.

46. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

47. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace

during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Northern Dynasty securities.

48. Each of the Individual Defendants, therefore, acted as a controlling person of the Company. By reason of their senior management positions and/or being directors of the Company, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, the Company to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of the Company and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complaint.

49. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

Class Action Complaint for Violation of the Federal Securities Laws

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: February 15, 2017　　　　　　　Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

Class Action Complaint for Violation of the Federal Securities Laws